IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **GNEI LEHNER,** | * | |
| Plaintiff | * | |
| v. | * | Case No.: RWT 08cv1170 |
| **CVS PHARMACY,** | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

For the reasons set forth below, the Court will grant Defendant CVS of Maryland, Inc.'s (improperly pleaded as "CVS Pharmacy") (hereinafter "CVS") Motion to Dismiss for Insufficient Service of Process or in the Alternative for Failure to State a Claim Upon Which Relief Can be Granted (Paper No. 9) and will deny Plaintiff Gnei Lehner leave to file an amended complaint.

## PROCEDURAL HISTORY

On May 6, 2008, Plaintiff Gnei Lehner filed a complaint against Defendant CVS alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e to 2000e-17. *See* Paper No. 1.

Having failed to serve Defendant within 120 days as required under Fed. R. Civ. P. 4(m), Plaintiff moved to reissue summons on September 4, 2008, and requested fourteen days to effectuate service after reissuance of the summons. *See* Paper No. 4. In support of the motion, Plaintiff's counsel stated that he "has had to focus his attention to legislative affairs as a Charles County Commissioner." *See id.* ¶ 1. The Court granted the motion, *see* Paper No. 5, but Plaintiff failed to effectuate service within the time allotted.

Over one year later, on October 23, 2009, Plaintiff again moved to reissue summons and extend the time for service. *See* Paper No. 6. Plaintiff's counsel explained that he had been concerned about the "emotional well-being" of his client, *id.* ¶ 3, but that Plaintiff "recently demonstrated . . . that she now possesses sufficient emotional capacity to participate in the prosecution of her litigation," *id.* ¶ 5. The Court generously granted Plaintiff's motion, *see* Paper No. 7, and Plaintiff appears to have served Defendant on or about November 16, 2009, *see* Def.'s Mot. To Dismiss at 3.

Subsequently, on December 7, 2009, Defendant filed a Motion to Dismiss for Insufficient Service of Process or in the Alternative for Failure to State a Claim Upon Which Relief Can be Granted (Paper No. 9). Plaintiff filed an Opposition thereto (Paper No. 11) and Defendant filed a Reply (Paper No. 16).

## **ANALYSIS**

Defendant urges the Court to revisit its orders extending the time for service of process and argues that the complaint should be dismissed for failure to effectuate service within 120 days pursuant to Fed. R. Civ. P. 4(m) and Fed. R. Civ. P. 12(b)(5). *See* Def.'s Mot. To Dismiss at 4-11. Because Defendant had no opportunity to oppose Plaintiff's motions to extend, filed *ex parte*, the Court will consider Defendant's argument regarding insufficient service of process.

Federal Rule of Civil Procedure 4(m) accords plaintiffs 120 days to effectuate service of process upon defendants:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

It is unclear whether a court may, in the absence of good cause, exercise its discretion to enlarge the 120 day period under Rule 4(m).  The Court of Appeals for the Fourth Circuit held in *Mendez v. Elliot* that "[w]hether the court acts before or after the deadline for service has passed, . . . the court may only grant the extension for good cause."  45 F.3d 75, 79 (4th Cir. 1995).  However, one year later, the Supreme Court in *Henderson v. United States* suggested that "courts have been accorded discretion to enlarge the 120-day period even if there is no good cause shown."  517 U.S. 654, 662 (1996).  In light of the Supreme Court's decision, the Fourth Circuit and district courts have questioned the continuing validity of *Mendez.  See, e.g.*, *Scruggs v. Spartanburg Reg'l Med. Ctr.*, No. 98-2364, 1999 U.S. App. LEXIS 26227, at *4-8 (4th Cir. Oct. 19, 1999) (reserving to another day "formal adoption of the *Henderson* dicta as the appropriate construction of Rule 4(m) in our Circuit"); *Parker v. Innertech-Spartanburg*, No. 6:09-773-HFF-WMC, 2009 U.S. Dist. LEXIS 120741, at *6 n.2 (D.S.C. Dec. 29, 2009) ("The Court is reluctant to rely primarily on its discretionary authority in light of [*Mendez*] . . . ."); *Cox v. Babcock & Wilcox Constr. Co.*, No. 5:09CV84, 2009 U.S. Dist. LEXIS 103983, at *5-11 (N.D. W. Va. Nov. 9, 2009) (holding that a district court has discretion to enlarge the period for effecting service of process, even absent good cause, because of *Henderson*, the 2007 amendment to Rule 4(m), unpublished post-*Mendez* Fourth Circuit opinions, and the weight of authority); *Burns & Russell Co. v. Oldcastle, Inc.*, 166 F. Supp. 2d 432, 439 n.7 (D. Md. 2001) (noting that "the Fourth Circuit's continued demand that plaintiffs demonstrate 'good cause' has been widely criticized; nevertheless, district courts in this Circuit are bound by *Mendez*").  *Cf. San Giacomo-Tano v. Levine*, No. 98-2060, 1999 U.S. App. LEXIS 26997, at *4 (4th Cir. Oct. 27, 1999) ("Even if a plaintiff does not establish good cause, the district court may in its discretion grant an extension of time for service.").

Regardless of the appropriate standard, the Court on further reflection finds that Plaintiff's two motions for extension of time, filed *ex parte*, were without merit. Plaintiff did not show good cause for extending the period for service of process and, under the circumstances, the Court declines to exercise its discretion to enlarge the time beyond the 120 days permitted under Fed. R. Civ. P. 4(m).

Plaintiff's reason for the first extension of time was that counsel "had to focus his attention to legislative affairs as a Charles County Commissioner." *See* Paper No. 4. In his second extension, filed one year later, Plaintiff explained that he had not effectuated service of process because he had been concerned about the "emotional well-being" of his client. *See* Paper No. 6. Neither of these explanations justifies an enlargement of time under Fed. R. Civ. P. 4(m). *See, e.g.*, *Knott v. Atlantic Bingo Supply, Inc.*, No. JFM-05-1747, 2005 U.S. Dist. LEXIS 37780, at *5 (D. Md. Dec. 22, 2005) (acknowledging that plaintiff's counsel had a genuine disability but observing that one of his colleagues could have served the defendant); *Hoffman v. Baltimore Police Dep't*, 379 F.Supp.2d 778, 786 (D. Md. 2005) ("[N]o explanation is given as to why someone else did not attend to [the duty of effectuating service of process] in the legal assistant's absence."); *Braithwaite v. Johns Hopkins Hosp.*, 160 F.R.D. 75 (D. Md. 1995) ("[R]ecognition of illness or death in the family as 'good cause' to delay compliance with the rule would tread a perilous path.").

Plaintiff made no effort to serve Defendant within the time allotted under Fed. R. Civ. P. 4(m), failed to take advantage of the first 14 day extension, and instead waited another 13 months to file a second motion to extend time. Plaintiff eventually effectuated service of process 14 months after the 120 day deadline had expired. Plaintiff's delay in service is not the result of excusable neglect and this Court will not make a mockery of the time requirements set forth in

the Federal Rules of Civil Procedure.[1]  Accordingly, the Court concludes that the complaint should be dismissed under Fed. R. Civ. P. 12(b)(5).

Alternatively, the Court finds that the complaint should be dismissed on the merits for failure to state a claim.  Even accepting as true all of the factual allegations in the complaint, it is nonetheless devoid of any of the basic requirements of pleading under Fed. R. Civ. P. 12(b)(6), *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  Plaintiff's conclusory statements utterly fail to state a plausible claim for relief.  *See Iqbal*, 129 S. Ct. at 1950.

Rather than amend her complaint as of right during the 18 months it took Plaintiff to effectuate service of process or within 21 days of service of Defendant's Rule 12(b) motion, *see* Fed. R. Civ. P. 15(a), Plaintiff instead included in her Opposition one sentence seeking leave to amend her complaint, *see* Pl.'s Opp'n at 2.  Plaintiff's request is wholly inadequate.  She has failed to allege in her Opposition any facts that would satisfy the elements of a Title VII claim or otherwise show good cause to amend.  Moreover, Plaintiff's extraordinary delay in effectuating service of process and moving to amend strongly suggests bad faith.  In addition, any amendment at this late stage would almost certainly prejudice Defendant.  *See Steinburg v. Chesterfield County Planning Comm'n*, 527 F.3d 377, 390 (4th Cir. 2008) (affirming district court's decision denying motion to amend and explaining that leave to amend should be freely given "unless the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile" (internal citation and quotation marks omitted)).

---

[1] The Court also queries whether delaying service for 18 months renders meaningless the statutory requirement that a plaintiff file suit within 90 days of receiving a right to sue letter from the Equal Employment Opportunity Commission.  *See* 42 U.S.C. § 2000e-5(f)(1).

Furthermore, Plaintiff has not, pursuant to L.R. 103(6), (i) indicated whether she sought to obtain opposing counsel's consent; (ii) filed a clean copy of the amended pleading; or (iii) filed a "a copy of the amended pleading in which stricken material has been lined through or enclosed in brackets and new material has been underlined or set forth in bold-faced type." L.R. 103(6).

Accordingly, the Court shall alternatively dismiss Plaintiff's complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

A separate Order follows.


<u>February 17, 2010</u>                         <u>        /s/              </u>
Date                                       Roger W. Titus
                                           United States District Judge